IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dennis Pointer, | : | |
| | : | Case No. 1:26-cv-55 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Nancy Frye, | : | Recommendation and Denying Motion |
| | : | for Relief from Judgment |
| Defendant. | : | |

Plaintiff Dennis Pointer, an inmate at the Lebanon Correctional Institution, has filed a

Motion to Proceed *in Forma Pauperis* ("IFP Motion") (Doc. 1) so that he can assert with a

prisoner civil rights complaint without the prepayment of fees.  Magistrate Judge Karen L.

Litkovitz filed a Report and Recommendation recommending that Pointer's IFP Motion be

denied.  (Doc. 6.)  Pointer filed an Objection to the Report and Recommendation.  (Doc. 7.)  The

Court will review the matter *de novo*.

Pointer also filed Motion for Relief from Judgment.  (Doc. 5.)

## I.  REPORT AND RECOMMENDATION ON THE IFP MOTION

Pointer's right to proceed is restricted by 28 U.S.C. § 1915, which provides in relevant

part as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding [in forma pauperis] under this section if the prisoner has, on
> 3 or more prior occasions, while incarcerated or detained in any facility, brought
> an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

Pointer does not dispute that he has at least three prior "strikes" for purposes of

1

§ 1915(g).  So he can proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury."  *Id.*  The Sixth Circuit has held that "a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)."  *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir. 2013).  "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm.  Minor harms or fleeting discomfort don't count."  *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).  *Gresham* provided examples of injuries that meet the serious standard—amputation, potential coma or death, heightened risk of suicide or self-mutilation, and risk of organ damage—and injuries that do not satisfy the serious standard—chest paint, seizures, vomiting, and temporary breathing struggles.  *Id.*  Additionally, claims arising from disputes over the adequacy of medical treatment, as opposed to a claim for a denial of treatment, are generally insufficient to satisfy § 1915(g) standard.  *See Alford v. Chambers-Smith*, No. 2:24-cv-4184, 2025 WL 2911007, at *6 (S.D. Ohio Oct. 14, 2025).

The Magistrate Judge determined that Pointer had not pleaded facts sufficient for her to draw a reasonable inference that Pointer is under an existing imminent danger of serious physical injury.  Pointer asserts the denial of medical care related to two conditions to try to meet the § 1915(g) standard.  First, Pointer asserts that he has a spinal disease and rheumatoid arthritis for which pain medication has become ineffective.  (Doc. 1 at PageID 3.)  He states that in November 2025 the doctor started to prescribe him a cortisone shot every six months.  (*Id.*)  Second, he states that he has a foot deformity that affects his sleep and mobility and that he is being denied the proper orthotics or shoe insoles.  (*Id.*)  Prison records indicate that he met with medical officials in February and May 2025.  (Doc. 1-1 at PageID 21–22.)  Prison medical officials told him that the "imprint" insoles he had previously received from an outside podiatrist

were no longer available, but boots had been ordered for him.  (*Id.* at 14–16.)[1]  He was also told that he could order insoles from the commissary.  (*Id.*)

The Court agrees with the Magistrate Judge that these allegations in the IFP Motion and the proposed Complaint are not sufficient to meet the imminent danger of serious physical injury standard.  In his Objections, Pointer analogizes his case to *Alford v. Zilles*, No. 22-3416, 2023 WL 3696315 (6th Cir. 2023).  The Sixth Circuit held there that an inmate stated an Eighth Amendment claim for denial of medical care when he alleged that defendants intentionally denied him properly fitted footwear that he needed due to circulation, neuropathy, balance, scoliosis, and degenerative spine disorder.  2023 WL 3696315, at *3.  But the issue in *Alford v. Zilles* was whether the plaintiff had stated a plausible claim for denial of medical care, not whether he met the standard for proceeding *in forma pauperis*, a separate standard requiring an imminent risk of serious physical injury.[2]

Pointer has not alleged that he is at risk an imminent risk of serious physical injury under the *Gresham* standard.  He does not allege that the cortisone treatments for his back are not working.  As for his footwear, Pointer at most alleges in his Objections that without the custom imprinted orthotics he is "in constant pain because he has to walk on the side of his foot because the boots are to [*sic*] large."  (Doc. 7 at PageID 52.)  Allegations of pain, without a specific corresponding severe physical harm, do not meet the § 1915(g) standard as explained in *Gresham*.  *See Foster v. O.D.R.C.*, No. 2:19-CV-1576, 2019 WL 5747036, at *3 (S.D. Ohio Oct. 8, 2019) (denying a motion to proceed *in forma pauperis* because allegations of "significant pain as a result of being denied a wheelchair" are not sufficient to meet the severe bodily harm

---

[1]  Pointer further explained in his Objections that imprints were "imprint custom orthotics."  (Doc. 7 at PageID 52.)

[2]  The district court in *Alford v. Zilles* had granted the plaintiff leave to proceed *in forma pauperis* based on his allegation that "he was under imminent danger of serious physical injury due to the denial of adequate medical treatment for hepatitis C."  2023 WL 3696315, at *1.

standard), *report and recommendation adopted sub nom. Foster v. Ohio Dep't of Rehab. & Corr.*, No. 2:19-CV-1576, 2019 WL 5725377 (S.D. Ohio Nov. 5, 2019).  The Court holds that Pointer's allegations do not meet the standard for proceeding *in forma pauperis* under § 1915(g). The Court will adopt the Magistrate Judge's recommendation and deny the IFP Motion.

## II.       MOTION FOR RELIEF FROM JUDGMENT

The Court need only briefly address Pointer's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60.  (Doc. 5.)  Pointer seems to complain that a different judge in a separate case wrongfully denied a motion to amend he filed in that separate case.  This Court has no authority to act in that separate case.  Pointer has not filed a motion to amend in this case. And the Court has not yet issued a judgment in this case.  The Court cannot provide Pointer with the relief he seeks.  The Court will deny the Motion for Relief from Judgment.

## III.      CONCLUSION

For the reasons stated above, the Report and Recommendation is **ADOPTED**, Pointer's Objection is **DENIED**, and Pointer's IFP Motion is **DENIED**.  Pointer is **ORDERED TO PAY BY JULY 6, 2026** the full $405 ($350 filing fee plus $55 administrative fee) required to commence this action.  **A FAILURE TO PAY THE FULL $405 FEE BY JULY 6, 2026 WILL RESULT IN DISMISSAL OF THIS ACTION.**  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

Additionally, Pointer's Motion for Relief from Judgment (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

4